Dennis TUCKER, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 84A05–9106–PC–203 [1].

Court of Appeals of Indiana,
First District.

Nov. 21, 1991.

**1.** This case was transferred to this office by direction of the Chief Judge on November 6, 1991.

**456**

Susan K. Carpenter, Public Defender of Indiana and Anne–Marie Alward, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen. of Indiana and Michael Gene Worden, Deputy Atty. Gen. Office of Atty. Gen., Indianapolis, for appellee-respondent.

ROBERTSON, Judge.

Dennis Tucker appeals the denial of his petition for post-conviction relief. He first asserts the trial court erred by denying his motion for a change of judge. We agree and therefore, reverse.

## FACTS

■ The undisputed facts indicate that Tucker filed his pro se motion for post-conviction relief on November 14, 1990. Simultaneously with this petition, Tucker filed a verified motion for change of judge which reads in pertinent part as follows:

I, Dennis Tucker, petitioner, hereby submit this affidavit for change of venue from judge pursuant to Rule P.C.1, Section 4(b), of the Indiana Rules of Procedure.

I hereby state that the Honorable William McClain has a personal bias and prejudice against me, in that he did not see that my constitutional rights were

protected and by statements made by him about me.

I affirm, under the penalties of perjury, that the foregoing representations are true.

## DECISION

Indiana Post–Conviction Rule 1 § 4(b) reads as follows:

Change of venue from the judge *shall* be granted when the petitioner files, within ten (10) days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons *for the belief* that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel.

(Emphasis added). The rule is mandatory: a post-conviction court must grant a motion for change of judge when the petitioner has fully complied with P–CR 1 § 4(b). *Zavesky v. State* (1991), Ind.App., 570 N.E.2d 1336. A change shall be granted when the motion is timely filed, states a factual basis for a genuine belief of bias or prejudice, and is accompanied by the certificate of good faith. *Id.* However, no certificate of good faith is required of a petitioner who proceeds pro se. *Id.*

■ The provisions for a change of judge in the post-conviction rules are not only to ensure that the petitioner has an unbiased judge, but also to ensure that he *believes* that he has an unbiased judge and that he is being treated fairly. *Id.* The petitioner need not allege facts sufficient to establish actual bias or prejudice, but merely that he *believes* the judge is biased or prejudiced against him. *Id.*

The State is in agreement with Tucker's interpretation of the law to be applied in this case. However, the State argues that the trial court committed no error because the allegations in Tucker's affidavit as set out above are insufficient. The State argues that Tucker's affidavit is conclusory and alleges no specific facts. The State relies on *Remsen v. State* (1986), Ind., 495 N.E.2d 184, in which our supreme court

held that the post-conviction court committed no error by denying a motion for a change of judge because the allegations of the motion were not made under oath or with an affirmation as required by P–C.R. 1, § 4(b). Our supreme court noted further that the allegations were abstract and not factual. The supreme court did not set out the allegations of the petitioner's affidavit in its opinion so we are unable to compare them with the allegations, made by Tucker under oath, in support of the present motion under review.

In *Zavesky,* 570 N.E.2d 1336, the petitioner alleged that he believed the judge was biased against him because the judge had:

> 'erroneously imposed an unduly harsh sentence,' 'heard my case, including evidence which should have been inadmissible,' 'based his harsh sentencing decision on the aforementioned inadmissible evidence,' and 'recently presided over three (3) causes against me ... the latter cause involving an habitual offender finding supported by the conviction now attacked.'

570 N.E.2d at 1337. We held that these allegations were sufficient to establish that the petitioner *believed* the judge was biased and therefore, the trial court erred by failing to grant the petitioner's motion for a change of judge.

■ Similarly, in the present case, we hold that Tucker's allegations in his affidavit, as set out above, are sufficient to establish his *belief* that the the judge was personally biased against him. To require more exacting factual allegations in support of a P–CR 1, § 4(b) motion would imply that the trial court is to engage in a factual inquiry regarding the validity of the petitioner's subjective belief regarding that trial court's bias or prejudice. We do not believe that this could have been contemplated under the rule which was designed to ensure that the petitioner *believes* he is being treated fairly.

Comparing the allegations of Tucker's motion to those of the motion under review in *Zavesky, id.,* we have no hesitation in concluding that Tucker's allegations in support of his motion for a change of judge are sufficient under P–CR 1 § 4(b) to establish his *belief* that the judge was biased against him. Therefore, the post-conviction court should have granted the motion, and it was without jurisdiction to conduct any further proceedings in this matter. We must reverse and remand with instructions that the motion be granted.

Judgment reversed.

RATLIFF, C.J., and SHARPNACK, J., concur.