Terry ROWE, Jr., Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 32A04–0904–PC–186.

Court of Appeals of Indiana.

Sept. 9, 2009.

Susan K. Carpenter, Public Defender of Indiana, C. Brent Martin, Deputy Public Defender of Indiana, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

Terry Rowe appeals the denial of his petition for post-conviction relief for ineffective assistance of counsel. We affirm.

In the fall of 2003, the United Drug Task Force of Hendricks County used a confidential informant to perform three controlled buys of cocaine from Rowe, resulting in two counts of class B felony dealing in cocaine and one count of class A felony dealing in cocaine. There were police video- and audiotapes of the controlled buys. As of July 15, 2004, no plea agreement had been reached. On July 20, 2004, the State's confidential informant died from a drug overdose. Shortly after his death, the State offered Rowe a plea bargain giving him a ten-year sentence, with two years suspended.

Rowe's counsel was not appointed. Despite the fact that she was only recently out of law school and had not previously tried a class A felony case, Rowe hired her to represent him. She showed him a copy of the State's plea offer, and they discussed whether to accept or reject it. She believed that it would be difficult for the State to prove its case without the confidential informant. They discussed the fact that the audiotape was of poor quality and that Rowe's face was not visible on the videotape—only the license plate to his

car. Rowe's attorney counseled him on whether to accept the plea offer or go to trial. She advised him to reject the plea. This was not Rowe's first exposure to the criminal justice system. He had been arrested previously on drug charges and had also been convicted through plea agreement of burglary and theft, serving time in the Department of Correction.

Rowe rejected the plea agreement, waived his right to a jury trial, and was convicted of class A felony and one count of class B felony dealing in cocaine. On November 4, 2004, the trial court sentenced Rowe to ten years' imprisonment for the class B felony and twenty years' imprisonment for the class A felony, to be served consecutively. On February 6, 2006, Rowe filed a pro se petition for post-conviction relief, which was subsequently amended by counsel. On April 11, 2006, the post-conviction court denied Rowe's amended petition.

 On appeal, Rowe alleges that, had he been properly advised that he could be convicted without the testimony of the confidential informant and that he faced a mandatory minimum sentence of twenty years for the class A felony count, he would have accepted the State's plea offer. The post-conviction petitioner has the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Bahm v. State*, 789 N.E.2d 50, 57 (Ind.2002). Consequently, we may not reverse the post-conviction court's judgment unless the petitioner demonstrates that the evidence "as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* We accept the post-conviction court's find-

ings of fact unless they are clearly erroneous, but we do not have to give deference to its conclusions of law. *Id.* On appeal, we may not reweigh the evidence or reassess the credibility of the witnesses. *Id.*

 Rowe contends that he was denied the effective assistance of trial counsel. We evaluate claims pertaining to the denial of the Sixth Amendment right to effective assistance of counsel using the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, a defendant must show both that his attorney's performance fell below an objective standard of reasonableness and that the deficiencies in the attorney's performance were prejudicial to the defense. *Bahm*, 789 N.E.2d at 57–58. An inability to satisfy either prong of this test is fatal to an ineffective assistance claim. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind.1999). In *Lawrence v. State*, 464 N.E.2d 1291 (Ind.1984), the Indiana Supreme Court considered whether trial counsel's erroneous explanation of possible penalties facing the defendant constituted ineffective assistance of counsel when the defendant ultimately rejected a guilty plea offer. The court held that the proper test is "one of reasonableness" and that "perfection" is not required. *Id.* at 1295.

In the present case, there is evidence in the record to support the post-conviction court's finding that counsel's performance was reasonable, in that her advice to Rowe was merely a prediction of a possible outcome, not an ironclad guarantee. She testified that she told Rowe it would be "very difficult" for the State to prove its case. Tr. at 22. She also testified that she told Rowe that he "*should* be successful at trial." *Id.* at 17.[1] Additionally, Rowe, who

---

1. The dissent cites evidence that Rowe's counsel told him that he "would" be successful at trial. Op. at 445. We note, however, that counsel acknowledged at the post-conviction

was not a novice to the criminal justice system, was aware that he was charged with multiple offenses, including class A felony dealing in cocaine and two counts of class B felony dealing in cocaine. While different interpretations of the record are possible, we cannot say that the post-conviction court's findings of fact and ultimate conclusion on this issue are clearly erroneous.

■ We also address the State's argument that in order to establish prejudice, Rowe must show that: (1) he would have accepted the plea agreement had he known that there was a possibility of conviction without the confidential informant; and (2) the trial court *would* have accepted the plea bargain agreement. Appellee's Br. at 12–13 (citing *Lessig v. State*, 489 N.E.2d 978, 983 (Ind.Ct.App.1986)). In *Lessig*, this Court declined to find the defendant, who claimed to be innocent, to be prejudiced for rejecting a plea agreement because Indiana does not allow a defendant to enter in *Alford* plea.[2] Without addressing the merits as applied to this case, we note that since *Lessig* was decided over twenty years ago, no court has reiterated its holding. Because the trial court was precluded by law from accepting his plea agreement, the defendant in *Lessig* failed to show that the trial court *could* have accepted his plea, not that the trial court

would have accepted his plea. We believe the correct reading of *Lessig* to be that a defendant must put forth evidence that the trial court is legally permitted to accept his plea agreement.[3] In sum, Rowe did not receive ineffective assistance of counsel.

Affirmed.

MAY, J., concurs.

BROWN, J., dissents with separate opinion.

BROWN, Judge, dissenting.

I respectfully dissent because I conclude that Rowe received ineffective assistance because Rowe's trial counsel did not adequately investigate Rowe's case, told Rowe that he would win, and Rowe rejected the plea agreement based upon his trial counsel's statement that he would win.

Indiana Rule of Professional Conduct 1.4(b) states that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." The comment to Rule 1.4 provides in part that "[t]he client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the

---

hearing that she "may" have said "would" and that we must consider only the evidence most favorable to the judgment. *Oliver v. State*, 843 N.E.2d 581, 587 (Ind.Ct.App.2006), *trans. denied.*

2. In 1970, the U.S. Supreme Court found that the U.S. Constitution did not bar a court from accepting a guilty plea when the defendant maintains innocence. *North Carolina v. Alford*, 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Alford explicitly recognizes, however, that the individual states may refuse to accept guilty pleas that accompany protestations of innocence. *Id.* Indiana has long refused to accept such pleas. Over fifty

years ago, this Court held that "a plea of guilty tendered by one who in the same breath protests his innocence, or declares he does not actually know whether or not he is guilty, is no plea at all." *Harshman v. State*, 232 Ind. 618, 621, 115 N.E.2d 501, 502 (1953).

3. Rowe cites *Dew v. State*, 843 N.E.2d 556 (Ind.Ct.App.2006), *trans. denied*, for the proposition that he is required only to prove that he would have accepted the plea agreement, *Dew* is inapplicable, however, because in that case, the defense counsel completely failed to relay a tendered plea offer to the defendant.

client is willing and able to do so." *See also Turner v. Calderon,* 281 F.3d 851, 881 (9th Cir.2002) (holding that although a defense attorney "cannot be required to accurately predict what the jury or court might find, ... he can be required to give the defendant the tools he needs to make an intelligent decision"). The Indiana Supreme Court has held that "in order to make a reasonable tactical decision, counsel must have adequately investigated the client's case because 'strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *State v. Holmes,* 728 N.E.2d 164, 172 (Ind. 2000) (quoting *Strickland v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984), *reh'g denied* ), *reh'g denied, cert. denied,* 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). *See also United States v. Barnes,* 83 F.3d 934, 939 (7th Cir.1996) ("When a defendant considers the government's offer of a plea agreement, a reasonably competent counsel will attempt to learn all of the facts of the case and to make an estimate of a likely sentence."), *cert. denied,* 519 U.S. 857, 117 S.Ct. 156, 136 L.Ed.2d 101(1996).

The majority states that Rowe's trial counsel testified that Rowe "*should* be successful at trial." Op. at 443–44. However, the record also reveals the context of this comment. The following exchange occurred during the direct examination of Rowe's trial counsel:

Q ... And uh how did you advise [Rowe] with regard to that offer?

A ... I advised him that, that they couldn't, that we would be successful at, that we should be successful at trial....

Q Now did you tell [Rowe] you should be successful or you would be successful?

A I was, I, I was confident so I may have said the words [sic] would.

* * * * *

Q ... Did you tell me that you advised [Rowe] that he would, the State would not be able to convict him or should not?

A Would, like, I think that's what I just clarified earlier, that I, I would have used the word would be unable to obtain a conviction on hand-to-hand buy.

Transcript at 16–19. The affidavit of Rowe's trial counsel also stated: "In counseling Mr. Rowe on whether to accept the plea agreement I advised him the State *would be unable to* obtain a conviction...." Petitioner's Exhibit 3 (emphasis added). Here, trial counsel did not give Rowe the information required to make an informed decision. Rather, trial counsel told Rowe that he *would* not be convicted at trial.

The record also reveals that Rowe's trial counsel admitted that she did not depose any of the members of the Drug Task Force before advising Rowe that he would be successful at trial. The following exchange occurred during the direct examination of Rowe's trial counsel at the post-conviction hearing:

Q. Did you use any of that audio or video to impeach the officer's testimony at trial?

A No, and that's, that's where I made the mistake. Once, once I realized that you couldn't see Mr. Rowe on any of the footage, and that you could not hear anything on the audio, I then thought that that was a win and didn't realize that the officers would say that they saw him with their own eyes, because of the log sheets that were provided by the Prosecutor that detailed exactly who was in what car.

But I didn't, I didn't, since I thought it, uh, since I thought it a[sic] win in my head, I just left the tapes alone, which was just stupid.

Transcript at 17–18. Under the circumstances, I conclude that Rowe demonstrated that his trial counsel's performance was deficient. In the context of guilty pleas, the United States Supreme Court has held that the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). The record reveals that Rowe testified that he rejected the State's plea agreement based upon his trial counsel's advice that he "couldn't lose the trial, so reject the offer." Transcript at 27. Rowe also testified that had he known he "could" have been convicted based upon the evidence he would have accepted the plea agreement. *Id.* at 28. The affidavit of Rowe's trial counsel states: "Following my advice Mr. Rowe rejected the State's offer." Petitioner's Exhibit 3. Based upon the record, I conclude that Rowe demonstrated that his trial counsel's ineffective performance affected the outcome of the plea process and that there is a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different.

For these reasons, I respectfully dissent.