Terry **ROWE, Jr., Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 32A04–0904–PC–186.

Court of Appeals of Indiana.

Oct. 30, 2009.

Susan K. Carpenter, Public Defender of Indiana, C. Brent Martin, Deputy Public Defender of Indiana, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

CRONE, Judge.

In our original opinion, we affirmed the post-conviction court's denial of Rowe's amended petition for post-conviction relief, in which he claimed that he received ineffective assistance of trial counsel. *Rowe v. State*, 912 N.E.2d 441 (Ind.Ct.App.2009). The relevant portion of our opinion reads as follows:

> In the fall of 2003, the United Drug Task Force of Hendricks County used a confidential informant to perform three controlled buys of cocaine from Rowe, resulting in two counts of class B felony dealing in cocaine and one count of class A felony dealing in cocaine. There were police video- and audiotapes of the controlled buys. As of July 15, 2004, no plea agreement had been reached. On July 20, 2004, the State's confidential informant died from a drug overdose.

Shortly after his death, the State offered Rowe a plea bargain giving him a ten-year sentence, with two years suspended.

Rowe's counsel was not appointed. Despite the fact that she was only recently out of law school and had not previously tried a class A felony case, Rowe hired her to represent him. She showed him a copy of the State's plea offer, and they discussed whether to accept or reject it. She believed that it would be difficult for the State to prove its case without the confidential informant. They discussed the fact that the audiotape was of poor quality and that Rowe's face was not visible on the videotape—only the license plate to his car. Rowe's attorney counseled him on whether to accept the plea offer or go to trial. She advised him to reject the plea. This was not Rowe's first exposure to the criminal justice system. He had been arrested previously on drug charges and had also been convicted through plea agreement of burglary and theft, serving time in the Department of Correction.

Rowe rejected the plea agreement, waived his right to a jury trial, and was convicted of class A felony and one count of class B felony dealing in cocaine. On November 4, 2004, the trial court sentenced Rowe to ten years' imprisonment for the class B felony and twenty years' imprisonment for the class A felony, to be served consecutively. On February 6, 2006, Rowe filed a pro se petition for post-conviction relief, which was subsequently amended by counsel. On April 11, 2006, the post-conviction court denied Rowe's amended petition.

On appeal, Rowe alleges that, had he been properly advised that he could be convicted without the testimony of the confidential informant and that he faced

a mandatory minimum sentence of twenty years for the class A felony count, he would have accepted the State's plea offer. The post-conviction petitioner has the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Bahm v. State*, 789 N.E.2d 50, 57 [ (Ind.Ct.App. 2003), *trans. denied* ]. Consequently, we may not reverse the post-conviction court's judgment unless the petitioner demonstrates that the evidence "as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not have to give deference to its conclusions of law. *Id.* On appeal, we may not reweigh the evidence or reassess the credibility of the witnesses. *Id.*

Rowe contends that he was denied the effective assistance of trial counsel. We evaluate claims pertaining to the denial of the Sixth Amendment right to effective assistance of counsel using the two-part test articulated in *Strickland v. Washington,* 466 U.S. 668[, 104 S.Ct. 2052, 80 L.Ed.2d 674] (1984). To prevail, a defendant must show both that his attorney's performance fell below an objective standard of reasonableness and that the deficiencies in the attorney's performance were prejudicial to the defense. *Bahm,* 789 N.E.2d at 57–58. An inability to satisfy either prong of this test is fatal to an ineffective assistance claim. *Vermillion v. State,* 719 N.E.2d 1201, 1208 (Ind.1999). In *Lawrence v. State,* 464 N.E.2d 1291 (Ind.1984), the Indiana Supreme Court considered whether trial counsel's erroneous explanation of possible penalties

facing the defendant constituted ineffective assistance of counsel when the defendant ultimately rejected a guilty plea offer. The court held that the proper test is "one of reasonableness" and that "perfection" is not required. *Id.* at 1295.

In the present case, there is evidence in the record to support the post-conviction court's finding that counsel's performance was reasonable, in that her advice to Rowe was merely a prediction of a possible outcome, not an ironclad guarantee. She testified that she told Rowe it would be "very difficult" for the State to prove its case. Tr. at 22. She also testified that she told Rowe that he "*should* be successful at trial." *Id.* at 17. Additionally, Rowe, who was not a novice to the criminal justice system, was aware that he was charged with multiple offenses, including class A felony dealing in cocaine and two counts of class B felony dealing in cocaine. While different interpretations of the record are possible, we cannot say that the post-conviction court's findings of fact and ultimate conclusion on this issue are clearly erroneous.

*Id.* at 442–44 (footnote omitted).

After stating that Rowe's counsel told him that he "*should* be successful at trial," we dropped the following footnote:

> The dissent cites evidence that Rowe's counsel told him that he "would" be successful at trial. Op. at 445. We note, however, that counsel acknowledged at the post-conviction hearing that she "may" have said "would" and that we must consider only the evidence most favorable to the judgment. *Oliver v. State,* 843 N.E.2d 581, 587 (Ind.Ct.App. 2006), *trans. denied.*

*Id.* at 443 n. 1.

██ In his petition for rehearing, Rowe correctly observes that the standard

of review enunciated in the footnote applies where the post-conviction court has found that the State has carried its burden of establishing the affirmative defense of laches. *See Oliver,* 843 N.E.2d at 586–87. In such cases, the petitioner does not appeal from a negative judgment. *Id.* at 587. Consequently, we review

> for sufficiency of evidence. As with other sufficiency of the evidence claims, we do not reweigh the evidence nor judge the credibility of witnesses when reviewing a claim that evidence is insufficient to establish laches. Rather, we consider only the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. If the post-conviction court's finding is supported by substantial evidence of probative value, the judgment will be affirmed.

*Id.* (citations omitted).

Here, however, because Rowe bore the burden of establishing that he received ineffective assistance of counsel, he *does* appeal from a negative judgment, and thus the standard of review, as we indicated on page 3 of our original opinion, is that enunciated in *Bahm:* "[W]e may not reverse the post-conviction court's judgment unless the petitioner demonstrates that the evidence 'as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.'" *Rowe,* 912 N.E.2d at 443 (quoting *Bahm,* 789 N.E.2d at 57). Rowe asserts that, had we applied the correct standard, we would have concluded that his trial counsel performed deficiently.

We disagree. The evidence *as a whole* is conflicting as to whether Rowe's counsel told him that he "would" be successful trial and therefore does not lead unerringly and unmistakably to a decision opposite that reached by the post-conviction court. We grant Rowe's petition for rehearing but reaffirm our original opinion, subject to the above clarification.

MAY, J., concurs.

BROWN, J., dissents with original separate opinion.

BROWN, Judge, dissenting.

I respectfully dissent for all of the reasons cited in my dissenting opinion issued in *Rowe v. State,* 912 N.E.2d 441, 444–446 (Ind.Ct.App.2009).