**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 10 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MARC WARREN**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARC WARREN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1206-PC-301 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
The Honorable Stanley E. Kroh, Master Commissioner
Cause No.  49G03-0209-PC-237761

**January 10, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Marc Warren, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief. He contends that the post-conviction court erred in holding that he did not receive ineffective assistance of trial and appellate counsel. Finding that Warren did not receive ineffective assistance of either trial or appellate counsel, we affirm.

## Facts and Procedural History

The facts underlying Warren's convictions were adopted from this Court's memorandum opinion on direct appeal:

> On October 27, 2001, seventy-nine-year-old D.R. returned to her apartment after a night out with a friend. Around midnight she fell asleep in her bed but woke when she felt a hand over her mouth. When she began to scream, the intruder punched her in the face. The intruder then demanded money, and D.R. gave him a one-hundred dollar bill she kept hidden in a drawer. He then climbed on top of her and unzipped his pants. D.R. asked him not to rape her, but she knew she could not stop him because he was so strong. The intruder then had vaginal intercourse with D.R., made her perform oral sex upon him, and then sodomized her.
>
> D.R. told the intruder that she needed to go to the bathroom, which he allowed only under his supervision. He then ordered her to get into the tub and wash herself. While she was in the tub, the intruder told her to close the shower curtain, and he briefly turned on the bathroom light. He then turned the light off, poured something into the tub, and left. D.R. got out of the tub and called police. She was subsequently taken to Methodist Hospital for an examination and the collection of any evidence through the use of a rape kit. As a result of the examination and the processing of the rape kit, sperm was found. However, at that time, there was no suspect in the case.
>
> In the summer of 2002, Detective Rick Burkhardt of the Indianapolis Police Department ordered that the evidence from D.R.'s case be sent through CODIS, and the profile submitted matched the profile on record for Warren. As a result, a warrant was obtained for Warren's arrest on September 19, 2002, and he was arrested and questioned.

A court ordered that Warren submit to a blood test so that a second confirmatory test could be conducted to conclude whether he was the attacker. The results of the second test confirmed that Warren's DNA matched that of D.R.'s attacker.

*Warren v. State*, No. 49A02-0308-CR-696 (Ind. Ct. App. July 20, 2004).

The State charged Warren with Class B felony rape, two counts of Class B felony criminal deviate conduct, Class B felony burglary, and Class C felony robbery. The State also alleged that Warren was a habitual offender. A bench trial was held, and Warren was found guilty as charged. Warren then pled guilty to being a habitual offender. The trial court vacated the Class C felony robbery conviction on double jeopardy grounds and imposed an aggregate sentence of 110 years. *Id.*

On direct appeal, Warren challenged the admissibility of CODIS evidence and the evidence supporting his convictions. This Court found that the evidence was properly admitted and that there was sufficient evidence to affirm all of Warren's convictions. *Id.*

Warren then filed a post-conviction relief petition, alleging ineffective assistance of both trial and appellate counsel. Warren argued that his trial counsel was ineffective for failing to advise him of his Sixth Amendment rights and for not explaining the proceedings effectively. He argued that his appellate counsel was ineffective for not challenging his consecutive sentences because his offenses were a single episode of criminal conduct.

The post-conviction court denied Warren's petition for post-conviction relief. Warren now appeals.

**Discussion and Decision**

3

Warren contends that the post-conviction court erred in finding that he received effective assistance of counsel at both the trial and appellate level. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to satisfy either prong will cause the claim to fail. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Id.* Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *reh'g denied*. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001).

### A. Trial Counsel

Warren argues that his trial counsel was ineffective in two ways: (1) he failed to advise Warren of his Sixth Amendment rights and (2) he failed to explain the proceedings effectively. We disagree.

#### 1. Sixth Amendment Rights

Warren argues that he was prejudiced by his trial counsel's failure to advise him of his Sixth Amendment rights. However, Warren fails to make a cogent argument on this issue and therefore waives the issue for appellate review. Ind. Appellate Rule 46(A)(8)(a); *Spaulding v. Harris*, 914 N.E.2d 820, 833 (Ind. Ct. App. 2009), *reh'g denied*, *trans. Denied*.

### 2. Explanation of Proceedings

Warren also argues that his trial counsel failed to explain the proceedings effectively. However, Warren has failed to show that his counsel's performance was deficient in any way. At the post-conviction hearing, Warren testified that he was unable to read or write at the time of his trial so he just went along with what his trial counsel told him, and that he did not understand most of what was happening. Appellant's App. p. 64-65. But the post-conviction court found this testimony to be directly contradictory to Warren's previous testimony at trial that he had completed school through the twelfth grade and was able to read and write the English language sufficiently to understand what was happening in court. *Id.* at 103. The post-conviction court also found that Warren's testimony was contradictory to what occurred at trial; Warren was allowed to confer with his trial counsel off the record when he informed the court that he had a question. The trial court would then inquire as to whether Warren had his questions answered, and Warren answered affirmatively and indicated that he understood what was going on. *Id.* at 97. "On appeal, we may not reweigh the evidence or reassess the credibility of the witnesses." *Rowe v. State*, 912 N.E.2d 441, 443 (Ind. Ct. App. 2009), *trans. denied*. We therefore defer to the post-conviction court's findings that Warren was able to understand

5

what was happening at trial and his trial counsel sufficiently explained the proceedings to him.

In his brief, Warren also argues that he would have pled guilty if his trial counsel would have better explained the proceedings and his rights. Appellant's Br. p. 11-12. However, Warren failed to raise this argument in his petition for post-conviction relief, Appellant's App. p. 44-47, and at the post-conviction hearing, *see id.* at 8-14, so he cannot raise it now, as "[a]ll grounds for relief available to a petitioner under this rule must be raised in his original petition." Ind. Post-Conviction Rule 1(8); *see also Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal."), *reh'g denied*.

We therefore find that the post-conviction court did not err in holding that Warren received effective assistance of trial counsel.

### B. Appellate Counsel

Warren contends that his appellate counsel was also ineffective for not challenging his consecutive sentences because his offenses were a single episode of criminal conduct. We disagree.

The standard of review for a claim of ineffective assistance of appellate counsel is the same as for trial counsel. *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006). There are three ways in which appellate counsel may be considered ineffective: (1) when counsel's actions deny the defendant his right of appeal; (2) when counsel fails to raise issues that should have been raised on appeal; and (3) when counsel fails to present

claims adequately and effectively such that the defendant is in essentially the same position after appeal as he would be had counsel waived the issue. *Grinstead v. State*, 845 N.E.2d 1027, 1037 (Ind. 2006). The decision of what issues to raise on appeal is one of the most important strategic decisions made by appellate counsel. *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1997). Thus, we give considerable deference to appellate counsel's strategic decisions and will not find deficient performance in appellate counsel's choice of some issues over others when the choice was reasonable in light of the facts of the case and the precedent available to counsel at the time the decision was made. *Taylor v. State*, 717 N.E.2d 90, 94 (Ind. 1999). To establish deficient performance for failing to raise an issue, the petitioner must show that the unraised issue was "clearly stronger" than the issues that were raised. *Bieghler*, 690 N.E.2d at 194.

Warren's argument that his appellate counsel was ineffective for failing to challenge his consecutive sentences on the ground that they were a single episode of conduct fails because it is not "clearly stronger" than the issues that were raised. At the time of Warren's offenses, Indiana Code section 35-50-1-2 stated:

> (a) As used in this section, "crime of violence" means:
> * * * * *
> (8) rape (IC 35-42-3-2);
> (9) criminal deviate conduct (IC 35-42-4-2);
> * * * * *
> (12) robbery as a Class A felony or a Class B felony (IC 35-41-5-1);
> (13) burglary as a Class A felony or a Class B felony (IC 35-43-2-1);
> * * * * *
> (b) As used in this section, "episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance.
>
> (c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or

consecutively. The court may consider the aggravating and mitigating circumstances in IC 35-38-1-7.1(b) and IC 35-38-1-7.1(c) in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. *However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.*

(West 2001) (emphasis added).

Warren contends that his offenses were a single episode of criminal conduct, but they actually were exempt from the single episode sentencing limitation because they were crimes of violence. Therefore, any argument on this issue would have no merit, and Warren's appellate counsel was not ineffective for failing to raise it on appeal. We find that the post-conviction court did not err in holding that Warren received effective assistance of appellate counsel.

Affirmed.

BAILEY, J., and BROWN, J., concur.