**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 27 2013, 7:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CYNTHIA M. CARTER**
Law Office of Cynthia M. Carter, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JEFFREY BAKER,                          )
                                        )
    Appellant-Petitioner,          )
                                        )
        vs.          )          No. 67A01-1301-PC-1
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Respondent.           )

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Gary Miller, Senior Judge
Cause No. 67C01-0812-FA-276

**June 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Jeffrey Baker appeals the denial of his petition for post-conviction relief. We affirm.

## ISSUE

Baker raises two issues, which we consolidate and restate as: whether the post-conviction court erred in determining that Baker did not receive ineffective assistance of trial counsel.

## FACTS AND PROCEDURAL HISTORY

On the evening of December 5, 2008, a police officer and employees of the Indiana Department of Child Services ("DCS") went to Baker's home to investigate an allegation that he had molested his then-thirteen-year-old stepdaughter, J.K. Baker initially allowed them to enter, but upon learning why they were there he became angry, interrupted their interview with J.K., and told them to leave. The DCS employees and the officer went outside, and soon other officers arrived. The DCS employees reentered the house when Baker's wife arrived home; at that point, Baker went outside with the officers. While he was outside, J.K. resumed her interview with the DCS employees and told them that Baker had molested her on at least two occasions.

Next, the officers took Baker to jail. After being Mirandized, he agreed to answer questions. During a recorded interview, Baker admitted that he had molested J.K. on

"three or four" occasions. Direct Appeal Tr. p. 9.[1] Although admitting to molestation, he denied that he had ever penetrated J.K.'s vagina. However, when officers told Baker that J.K. had said that he had penetrated her, Baker then said, "[S]he would know, I wouldn't." PCR Ex. Vol., Petitioner's Ex. B.

On December 8, 2008, the State charged Baker with two counts of child molesting, one as a Class A felony and one as a Class C felony. Baker's attorney began plea negotiations with the State. The trial court set a cutoff date of April 16, 2009, to submit plea agreements for the court's approval. In addition, the court scheduled a trial for May 13, 2009.

The State initially offered a plea agreement with a thirty-year sentencing cap, which Baker's counsel rejected. After further negotiations, the State offered a second plea agreement with a sentence capped at twenty years in exchange for Baker's plea of guilty to the count of child molesting as a Class A felony. Under the circumstances, counsel thought the offer was "a very good plea." PCR Tr. p. 11. On April 20, 2009, counsel sent Baker a letter outlining the proposed deal. Counsel advised Baker that it would be in his best interest to accept the plea deal, asserting that the victim's testimony along with Baker's own recorded statement would be used against him. He further informed Baker in the letter that if Baker went to trial and was found guilty, there was the possibility that the trial court might add additional time to the sentence because there were separate incidents and the victim was Baker's stepdaughter.

---

[1] The documents presented in this appeal include documents from Baker's direct appeal as well as documents from post-conviction proceedings. We cite to the direct appeal transcript as "Direct Appeal Tr." and to the post-conviction hearing transcript and exhibits as "PCR Tr." and "PCR Ex. Vol."

3

Next, counsel spoke with Baker to follow up on the letter. Baker rejected the plea agreement, continuing to assert that he had not committed child molesting as a Class A felony because he had not penetrated J.K. as the term was defined by statute. After further discussions on the subject, counsel went to the jail the next day and took along with him the deputy prosecutor, and they both met with Baker. The deputy prosecutor "laid out the case he was going to present" at trial. *Id.* Counsel conceded at the post-conviction hearing that taking the deputy prosecutor to the jail was an "extraordinary" step, but he was not "having success" convincing Baker that the plea agreement was a good deal under the circumstances and wanted Baker "to hear . . . from somebody else" that the deal "was in his best interest." *Id.* at 11, 20.

Baker again rejected the plea deal, and counsel obtained from the trial court an extension of the plea agreement deadline. However, counsel believed that the extended deadline was not final because the judge was "one of the few judges that took a plea during trial." *Id.* at 21. On April 23, 2009, the parties appeared for a final pre-trial conference, and in open court Baker again rejected the plea agreement.

On May 1, 2009, Baker filed a complaint with the Indiana Supreme Court Disciplinary Commission ("the Commission") concerning his attorney. The Commission dismissed the complaint. Baker's counsel was aware of the complaint and informed the trial court. Counsel considered withdrawing from the case but concluded that the filing of the complaint did not give rise to a conflict of interest.

On May 11, 2009, two days before trial, Baker's attorney took J.K.'s deposition. Baker was not present. Counsel told the post-conviction court that in general he

4

preferred not to take depositions of alleged child victims because if the child was later deemed unavailable to testify at trial, the deposition testimony could be admitted without cross-examination. Counsel further testified he took J.K.'s deposition, again, to "show Mr. Baker what we [were] up against." *Id.* at 34. During the deposition, J.K. stated that Baker had molested her "to [sic] many that [sic] I can remember." PCR Ex. Vol., Petitioner's Ex. C, p. 24. She further testified the molestations had started as far back as 2005. *Id.* at 35. In addition, J.K. said that Baker had penetrated her vagina with his penis on at least one occasion between November 5 and December 5, 2008. *Id.* at 22-23.

On May 12, 2009, the day before his jury trial was scheduled to begin, Baker appeared before the court for a guilty plea hearing, apparently without a written plea agreement from the State. He admitted that he had committed child molesting as a Class A felony in exchange for the State's dismissal of the count of child molesting as a Class C felony. Direct Appeal Tr., Change of Plea Hearing, p. 8. The court accepted Baker's guilty plea and subsequently sentenced him to a forty-year term, with ten of those years to be served on probation. The court further determined that Baker was a sexually violent predator and would be required to register as a sex offender upon release from incarceration.

Next, Baker, by counsel, filed a motion to correct error, challenging his sentence. The trial court reduced his executed sentence by five years. PCR Tr. p. 25.

Baker obtained new counsel and appealed his sentence, arguing that it was inappropriate. A panel of this Court affirmed the trial court's judgment. *See Baker v. State*, No. 67A01-0908-CR-425 (Ind. Ct. App. Jan. 22, 2010).

5

Next, Baker filed a petition for post-conviction relief. The court denied Baker's petition after an evidentiary hearing, determining that Baker's trial counsel "did not provide ineffective assistance." Appellant's App. p. 69. This appeal followed.

<u>DISCUSSION AND DECISION</u>

The only issue for our review is whether the post-conviction court erred in determining that Baker did not receive ineffective assistance of trial counsel. A post-conviction proceeding is not a substitute for a direct appeal and does not provide a petitioner with a "super-appeal." *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). The post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. *Id.*

Post-conviction proceedings are, by nature, civil proceedings in which the defendant must establish grounds for relief by a preponderance of the evidence. *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On appeal, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Kubsch v. State*, 934 N.E.2d 1138, 1144 (Ind. 2010).

To prevail on a claim of ineffective assistance of trial counsel, a defendant must demonstrate that counsel performed deficiently and that the deficiency resulted in prejudice. *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008). To establish deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms. *Grinstead*

6

*v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006). To establish prejudice, the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. *Id.* Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Kubsch*, 934 N.E.2d at 1147. An inability to establish either deficient performance or prejudice is fatal to a claim of ineffective assistance. *Rowe v. State*, 912 N.E.2d 441, 443 (Ind. Ct. App. 2009), *aff'd on reh'g*, 915 N.E.2d 561 (2009), *trans. denied*.

Baker argues that his trial counsel provided ineffective assistance by failing to convey to him the State's initial offer of a thirty-year maximum sentence. Even if counsel did not inform Baker of the offer, Baker must still show prejudice in order to prevail. In order to establish prejudice, Baker must demonstrate: (1) he would have accepted the plea agreement; and (2) the trial court would have accepted the plea agreement. *See id.* at 444. Here, Baker did not testify during the post-conviction hearing that he would have accepted the thirty-year deal. To the contrary, it is undisputed that the record shows that Baker repeatedly rejected the State's second offer of a twenty-year maximum sentence. Given Baker's refusal to concede that he committed Class A felony child molesting until the day before his trial, it is difficult to conclude that Baker would have accepted the initial offer of a thirty-year maximum sentence while rejecting a subsequent offer of twenty years. The evidence does not unerringly and unmistakably establish that Baker was prejudiced by any failure by counsel to convey to him the State's initial offer of a thirty-year maximum sentence.

Next, Baker asserts that trial counsel provided ineffective assistance by failing to inform him in a timely manner of the State's offer of a twenty-year maximum sentence. He says the offer was not given to him until the day of the deadline for a plea agreement, and he did not have sufficient time to consider the offer. We cannot agree. Counsel testified that he obtained an extension from the court for submission of a plea agreement, and in any event the judge was known to accept plea agreements on the eve of trial, so he did not consider the deadline binding. Furthermore, Baker had three days, from the date counsel sent a letter to him on April 20, 2008, until the final pre-trial hearing on April 23, 2008, to consider the State's offer. During that period, Baker's counsel followed up with a personal conversation with Baker and a personal visit along with the deputy prosecutor, who set forth his entire case before trial. We cannot conclude this amount of time was insufficient. Baker's argument on this point amounts to a request to reweigh the evidence, which we cannot do.

Baker's next claim is that counsel failed to adequately investigate the case. A claim of ineffective assistance of counsel based on a failure to investigate requires a showing of what additional information may have been garnered from further investigation and how that additional information would have aided in the preparation of the case. *Turner v. State*, 974 N.E.2d 575, 585 (Ind. Ct. App. 2012), *trans. denied*.

Here, Baker argues his counsel should have obtained reports from DCS regarding J.K.'s allegations. However, he fails to demonstrate how those reports would have aided in the preparation of his defense. The DCS reports were admitted into evidence at the post-conviction hearing. One of the reports states that J.K. "disclosed that her step father

had sexual intercourse with vaginal penile penetration on at least two occasions" and that Baker "stated that the allegations were true." PCR Ex. Vol., Petitioner's Ex. D. The report is thus cumulative of the police report and Baker's recorded interview, and was even more damaging to Baker because it referred to multiple acts of molestation. There can be no prejudice from counsel's failure to review reports that would not have provided new information or revealed inconsistent witness statements.

Baker further asserts that counsel should have obtained J.K.'s medical records and taken J.K.'s deposition much earlier in the case, and that without that information counsel's advice to accept the State's offer of a twenty-year maximum sentence was invalid because it was not well-informed. Again, he has not demonstrated that receiving the information earlier would have aided in the preparation of the case. His counsel had access to the police report, which described an interview of J.K. by DCS and an officer. According to the police report, J.K. set forth, in detail, acts committed by Baker that formed the basis of the charges against him and other alleged acts of molestation. The medical records and deposition, which were entered into evidence at the post-conviction hearing, are cumulative of the police report as well as Baker's recorded interview. Furthermore, Baker agreed at the post-conviction hearing that he "would have felt more comfortable accepting the plea offer" if he had been given access to those documents earlier, PCR Tr. p. 39, but he did not state that he would have accepted the second offer of a twenty-year maximum sentence. Baker has not established prejudice.

Baker next claims that he received ineffective assistance of counsel because counsel had several conflicts of interest. Ineffective assistance of counsel can occur

9

where counsel is burdened by a conflict of interest. *Johnson v. State*, 948 N.E.2d 331, 334 (Ind. 2011), *cert denied*, 132 S. Ct. 1575, 182 L. Ed. 2d 194 (2012). A defendant who did not object at trial must demonstrate that an actual conflict of interest adversely affected counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). Baker did not object to his counsel's representation during his guilty plea or sentencing proceedings.

In this case, Baker contends his counsel attempted to coerce him into accepting the offer of a twenty-year maximum sentence by bringing the deputy prosecutor to the jail to lay out the case. Baker said he was "intimidated" and "strong armed," PCR Tr. p. 40, and he felt that his counsel had taken the State's side. We disagree. Counsel asked the deputy prosecutor to come present his case to Baker because counsel believed that the proposed deal was very good and that it would be helpful for Baker to hear the case against him from someone else. Based upon the totality of the circumstances, we cannot say this was an unreasonable strategic decision. Furthermore, Baker's claim that he was intimidated is unavailing because he rejected the plea offer prior to and during the meeting with counsel and the deputy prosecutor, and he did so again three days later in open court at the final pre-trial hearing. Instead, Baker maintained his position that he had not committed child molesting as a Class A felony because he had not penetrated the victim, and he only changed his position after J.K.'s deposition. Baker's claim of a conflict is merely a request to reweigh the evidence.

Finally, Baker says his counsel had an actual conflict of interest because Baker filed a complaint against him with the Commission while the case was pending. Our

10

Supreme Court has stated that filing a disciplinary complaint against counsel is a "personal conflict of interest" to which the analysis in *Cuyler* does not apply. *Johnson*, 948 N.E.2d at 335 n.5. In any event, Baker cannot show prejudice. He refused to accept the State's offer of a twenty-year maximum sentence due to his belief that he did not penetrate J.K., not due to poor advice from counsel. By the time Baker changed his mind and was willing to admit he was guilty of child molesting as a Class A felony, the State had withdrawn its offer. Thus, his claim of an actual conflict that adversely affected counsel's performance must fail.

<u>CONCLUSION</u>

For the reasons stated above, we affirm the judgment of the post-conviction court.

Affirmed.

KIRSCH, J., and CRONE, J., concur.

11