## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 11 2015, 9:54 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason C. Burkett,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

February 11, 2015

Court of Appeals Cause No.
09A02-1404-PC-233

Appeal from the Cass Superior Court.
The Honorable Wayne E. Steele, Special Judge.
Cause No. 09D02-0305-FB-25

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Jason C. Burkett appeals the trial court's denial of his petition for post-conviction relief. We affirm.

# Issue

Burkett raises one issue, which we restate as: whether the trial court erred in concluding that Burkett did not receive ineffective assistance of appellate counsel.

# Facts and Procedural History

We take the relevant facts from Burkett's original appeal, as follows:

> Burkett and W.L. were in an on-and-off relationship for about four years and had one son together. W.L. ended the relationship with Burkett in April 2003. However, Burkett and W.L. remained friends for the benefit of their son.
>
> On May 24, 2003, W.L. agreed to spend the day with Burkett. The day ended with Burkett and W.L. watching a movie at a drive-in theater. W.L. told Burkett she wanted to go home, but Burkett drove to his house instead. When they arrived at Burkett's house, at approximately 1:00 a.m., Burkett and W.L. argued. W.L. wanted to go to sleep and told Burkett that she wanted to go back to Pam Putnam's house, where W.L. had been staying.
>
> When W.L. tried to sleep on the couch in the living room, Burkett pulled the blanket that covered W.L. and stood before her naked. Burkett then pulled W.L.'s clothes off and pulled her onto the floor. W.L. fought Burkett and told him to stop. Burkett picked W.L. up, carried her to the bedroom, and threw her on the bed. Unbeknownst to W.L., Burkett was recording the events in the bedroom with a video camera. W.L. resisted verbally and physically as Burkett tried to force open her legs with his hands and place his mouth on her vagina. W.L. repeatedly told Burkett to stop and continued to resist. At one point during the struggle, Burkett inserted his fingers into W.L.'s vagina and pinched her cervix, resulting in a half-moon-shaped wound to W.L.'s cervix. Burkett inserted his penis into W.L. and ejaculated. Burkett also inserted a "very large penis shaped toy" into W.L.'s vagina. Transcript at 54-55.

When Burkett stood up afterward, W.L. curled up on the bed. Burkett checked W.L. for bruises and told her that she had to take a shower, which she did. While in the shower, W.L. heard noises that she recognized as herself pounding on Burkett during the attack. Burkett informed her that if she did not wash herself "good," then he would. Transcript at 58. When W.L. returned to the bedroom, Burkett told her to lean over the bed. Burkett inserted his penis into W.L.'s vagina and ejaculated. Burkett made W.L. take another shower. After W.L.'s second shower, she fell asleep on the bed.

When W.L. awoke the next morning, Burkett took W.L.'s hand and placed it on his penis. Burkett told W.L. if she did not masturbate him he would force himself on her again. W.L. complied. Afterwards, Burkett was playing with the video tape, set it down, and left the room. W.L. tried to hide the video tape in a pillowcase, but Burkett found it.

Burkett and his brother, Robert Burkett, then drove W.L. to Putnam's house. W.L. contacted the police and went to the hospital. On May 25, 2003, the trial court issued a search warrant for Burkett's house and Robert's car. The video tape of the attack ended up in the hands of Burkett's friend, John Thompson. Thompson gave the tape to W.L., who turned it over to the police.

The State charged Burkett with two counts of rape as class B felonies, criminal sexual deviate conduct as a class B felony, two counts of attempted rape as class B felonies, sexual battery as a class D felony, criminal confinement as a class D felony, and possession of marijuana as a class A misdemeanor. Burkett filed a notice of intent to present evidence of past sexual conduct and a motion for severance of offenses. The trial court granted Burkett's motion to sever the charge of possession of marijuana, but denied Burkett's motion to sever the remaining sex offense charges. On May 12, 2004, the trial court granted Burkett's motion to present evidence of the victim's past sexual conduct with Burkett, but denied the admission of evidence that W.L. and Burkett had on one previous occasion videotaped a sexual encounter.

The jury found Burkett guilty of two counts of rape as class B felonies, criminal deviate conduct as a class B felony, sexual battery as a class D felony, and criminal confinement as a class D felony.

*Burkett v. State*, Cause No. 09A02-0410-CR-883, at *2-5 (Ind. Ct. App. Mar. 28, 2005).

[4]     On appeal, Burkett argued that the trial court should have granted his motion to sever each of his charges and that he received ineffective assistance of trial counsel.  He also challenged his sentence.  This Court affirmed his convictions and sentence.

[5]     Next, Burkett filed a petition for post-conviction relief.  The court denied his petition, and he appealed.  Burkett asked the Court for leave to terminate his appeal and return to the trial court to present new evidence.  The Court granted Burkett's request and dismissed the appeal without prejudice to Burkett's right to appeal if the trial court's subsequent post-conviction ruling was adverse to him. *Burkett v. State*, 09A04-1105-PC-231 (Ind. Ct. App. Aug. 26, 2011).

[6]     The trial court granted Burkett's petition in part, finding that he was entitled to relief on two of his claims.  The State appealed.  A panel of this Court reversed the grant of post-conviction relief and remanded for consideration of Burkett's remaining claims. *Burkett v. State*, Cause No. 09A02-1205-PC-356 (Ind. Ct. App. Jan. 15, 2013), *trans. denied*.

[7]     On remand, the court considered Burkett's remaining claims and denied his petition.  This appeal followed.

## Discussion and Decision

[8] Burkett argues that his attorney in his original appeal should have challenged the sufficiency of the evidence supporting his conviction for criminal deviate conduct. A post-conviction proceeding is not a substitute for a direct appeal and does not provide a petitioner with a "super-appeal." *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). The post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. *Id*.

[9] Post-conviction proceedings are, by nature, civil proceedings in which the petitioner must establish grounds for relief by a preponderance of the evidence. *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id*. On appeal, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Kubsch v. State*, 934 N.E.2d 1138, 1144 (Ind. 2010).

[10] We consider claims of ineffective assistance of appellate counsel under the same standard as claims of ineffective assistance of trial counsel. *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014). We apply the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). For the first part, the petitioner must show deficient performance, which is representation that falls below an objective standard of reasonableness. *Hollowell*, 19 N.E.3d at 269. Second, the petitioner must also show prejudice, a

reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

[11] Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Kubsch*, 934 N.E.2d at 1147. An inability to establish either deficient performance or prejudice is fatal to a claim of ineffective assistance. *Rowe v. State*, 912 N.E.2d 441, 443 (Ind. Ct. App. 2009), *aff'd on reh'g*, 915 N.E.2d 561 (2009), *trans. denied*.

[12] When reviewing a challenge to the sufficiency of the evidence underlying a conviction, we neither reweigh evidence nor assess the credibility of witnesses. *Smith v. State*, 8 N.E.3d 668, 679 (Ind. 2014). So long as an inference may be reasonably drawn from the evidence to support the verdict, we will affirm unless no reasonable trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *Id.*

[13] To obtain a conviction for criminal deviate conduct as a Class B felony, the State was obligated to prove beyond a reasonable doubt that Burkett (1) knowingly or intentionally (2) compelled by force or imminent threat of force (3) another person (3) to perform or submit to deviate sexual conduct. Ind. Code § 35-42-4-2 (1998) (repealed 2014). At the time Burkett committed his crimes, deviate sexual conduct was defined as an act involving either "a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-

41-1-9 (1984) (subsequently renamed "Other sexual conduct" and codified at Ind. Code § 35-31.5-2-221.5 (2014)).

[14] The State alleged that Burkett committed deviate sexual conduct by "forcefully and without consent insert[ing] a sexual device into [W.L.'s] vagina." Direct Appeal App. p. 73. Burkett argues that there is insufficient evidence of penetration, and that if his attorney had challenged the evidence on direct appeal, he would have prevailed. He compares statutory language for rape and deviate sexual conduct and contends that, whereas proof of any penetration, even the slightest penetration, is sufficient to prove penetration for rape, something more than slight penetration is required to prove penetration for deviate sexual conduct.

[15] We need not address Burkett's claim that a higher level of proof of penetration is needed here because the evidence establishes more than slight penetration. At trial, W.L. testified that during Burkett's attack she saw him holding a penis-shaped toy. The following exchange occurred:

Q:    And what did he do with the toy?
A:    He tried to insert it.
Q:    Where did he touch you with it?
A:    My vagina.
Q:    And how can you tell he tried to insert it?
A:    I could feel it.

Trial Tr. p. 55.

In addition, the video tape of Burkett's assault was admitted into evidence at trial, and it shows him inserting the toy into W.L.'s vagina.

This evidence is more than sufficient to establish penetration and thus support the conviction for criminal deviate conduct. If appellate counsel had raised a sufficiency claim, it would not have changed the outcome. Burkett's claim of ineffective assistance of counsel fails because he has not established prejudice. *See Hollowell*, 19 N.E.3d at 271. He has not carried his burden of demonstrating that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Najam, J., and Brown, J., concur.