**Kevin Scott VARNER, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 46A05–0511–PC–676.**

Court of Appeals of Indiana.

May 26, 2006.

Transfer Denied July 20, 2006.

---

Kevin Scott Varner, Bunker Hill, Appellant Pro se.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Kevin Scott Varner, *pro se*, appeals the partial denial of his motion for post-conviction relief.

We affirm.

## FACTS AND PROCEDURAL HISTORY [1]

On Varner's direct appeal we set out the underlying facts as follows:

On December 12, 1990, Varner was sentenced to an aggregate term of twenty years in the Indiana Department of Correction ("DOC") for his convictions of rape, criminal deviate conduct, and criminal confinement. On June 28, 2002, while serving his twenty-year sentence, Varner pled guilty to battery as a Class A misdemeanor and was sentenced to one year, sentence to run consecutive to the twenty-year sentence. The clerk of the trial court certified that it sent a copy of the judgment of conviction and sentencing order, as well as the abstract of judgment, to the DOC on July 1, 2002.

On July 16, 2003, Varner was released and placed on parole for the remainder of his twenty-year term. It appears that, at the time of his release, he had not yet served the one-year consecutive sentence that was imposed for the battery conviction. On May 18, 2004, Varner's parole was revoked after he violated the conditions of his parole. In ordering that Varner serve the remainder of his twenty-year term, the parole board issued the following findings of fact, in pertinent part:

Varner was mandatorily paroled on or about 7/16/03, he had received a new sentence on 6/28/02 in LaPorte Superior Court No. 2, under Cause # 46D02–0201–FC–000002, for Battery, Class A Misdemeanor, for 1 year in the DOC to be served consecutive to his other sentences *that he appears to never have served* and no record of this commitment order was in his central office file until obtained from the court by his parole agent on 5/12/04
. . . .

Appellant's Supplemental Appendix at 25. The parole board credited Varner with 288 days, the amount of time he was placed on parole.

On June 18, 2004, Varner filed a motion to correct erroneous sentence, arguing that when he was released and placed on parole, he immediately began "serving" his one-year consecutive sentence for the battery conviction because he was "discharged" from the twenty-year term. Therefore, he should have received credit for 288 days towards his sentence for the battery conviction. The trial court denied his motion.

*Varner v. State,* 822 N.E.2d 1131, No. 46A03–0408–CR–375, slip op. at 2–3 (Ind. Ct.App. February 8, 2005), (emphasis in original), *trans. denied* 831 N.E.2d 749 (Ind.2005).

We affirmed the denial of Varner's motion because Varner did not show he was harmed when the time he was on parole was credited to his twenty-year sentence rather than to his one-year misdemeanor sentence. *Id.* at 5.

Varner petitioned for post-conviction relief on July 14, 2005. He asserted the trial court erred in sentencing him to the Department of Correction for his misdemeanor conviction, and the delay in the commencement of his misdemeanor sentence violated his due process rights "and/or resulted in punishment on the installment plan." (App. of the Appellant at 8.)

The post-conviction court found Varner should not have been sentenced to the Department of Correction and amended the sentencing order to show Varner would be sentenced to the LaPorte County

---

**1.** On March 7, 2006, Varner submitted a Motion for Leave to Submit Typewritten Filings, which filings would replace his handwritten reply brief and motion for leave to cite additional authority. We grant the motion.

Jail. With respect to Varner's other arguments, the court found the issues raised were a collateral attack on our memorandum decision and denied his petition.

## DISCUSSION AND DECISION

■ Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *Bahm v. State*, 789 N.E.2d 50, 57 (Ind.Ct.App.2003), *clarified on reh'g on other grounds* 794 N.E.2d 444 (Ind.Ct.App.2003), *trans. denied* 804 N.E.2d 751 (Ind.2003). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Id.; see also* Ind. Post–Conviction Rule 1(1)(a). Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. P–C.R. 1(5).

■ When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Bahm*, 789 N.E.2d at 57. Consequently, we may not reverse unless the petitioner demonstrates the evidence "as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* (quoting *Curry v. State*, 674 N.E.2d 160, 161 (Ind.1996)). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we need not give deference to the post-conviction court's conclusions of law. *Id.* On appeal, we may not reweigh the evidence or reassess the credibility of the witnesses. *Id.*

The post-conviction court denied Varner's petition to the extent it "constitutes a collateral attack on the Court of Appeals's Memorandum Decision issued February 8, 2005 . . . ." (App. of Appellee at 8–9.) The issue Varner presents in this appeal of the denial of his petition for post-conviction relief is couched in different language but is the same issue he raised on direct appeal: whether he was prejudiced by being released on parole instead of first serving his misdemeanor conviction.

Varner notes the post-conviction court did not use the term *"res judicata"* in its order, but he asserts "in essence, the post-conviction court denied Mr. Varner's claim under the doctrine of *res judicata.*" (Br. of the Appellant at 8.) He argues the post-conviction court was precluded from considering whether his claim was *res judicata* because the State was required to raise that defense at the post-conviction relief hearing but did not.

■ Varner is correct. *Res judicata,* like waiver, must be pled affirmatively in a post-conviction proceeding and the State did not plead that defense.[2] *Maxey v. State,* 596 N.E.2d 908, 913 n. 4 (Ind.Ct. App.1992). However, we need not reverse, as our decision on direct appeal established the law of the case on Varner's allegation of error.

■ The "law of the case" doctrine mandates that when an appellate court decides a legal issue, both the trial court and the court on appeal are bound by that determination in any subsequent appeal involving the same case and relevant similar facts. *State v. Huffman,* 643 N.E.2d

---

**2.** The State invites us to ignore this argument, as Varner "did not include the State's responsive pleading in his appendix." (Br. of Appellee at 7.) In fact, Varner did include that material in his appendix and he offered in his brief a correct citation to the page in the appendix where that document would be found. In the State's responsive pleading it alleged Varner's petition was barred by laches but did not raise or otherwise mention the *res judicata* defense. We admonish the State to more carefully review the record and to refrain from misrepresenting it.

899, 901 (Ind.1994), *reh'g denied.* The post-conviction court was accordingly bound by our decision on Varner's direct appeal and we must decline Varner's invitation to revisit it. In *Bunch v. State,* 778 N.E.2d 1285, 1289 (Ind.2002), the State failed to establish an affirmative defense, but our Indiana Supreme Court noted a court on appeal may nevertheless find an issue presented in a post-conviction petition was forfeited by means of procedural default. "[A]lthough a party who has failed to plead or prove [an] affirmative defense has no right to prevail on that basis, the party may nevertheless suggest to the court that procedural default of an issue is an appropriate basis to affirm the judgment below.... [A]n appellate court is not precluded from determining that an issue is foreclosed under a wide variety of circumstances." *Id.* This is such a circumstance, and we accordingly affirm the denial of Varner's petition for post-conviction relief.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.