

IN THE

# Court of Appeals of Indiana

Troyon Ramon Scott,

*Appellant-Petitioner*

v.

State of Indiana,

*Appellee-Respondent*



FILED

Jun 25 2025, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

June 25, 2025

Court of Appeals Case No.
24A-PC-2482

Appeal from the St. Joseph Superior Court

The Honorable Jeffrey L. Sanford, Judge

Trial Court Cause No.
71D03-2401-PC-1

**Opinion by Judge Foley**
Judges Mathias and Felix concur.

**Foley, Judge.**

[1]   Troyan Ramon Scott ("Scott") appeals the denial of his petition for post-conviction relief ("PCR") arguing he received ineffective assistance of both trial counsel and appellate counsel. Concluding Scott identified ineffective assistance of trial counsel, we reverse the denial of the PCR petition, vacate Scott's conviction, enhancement, and sentence, and remand for a new trial.[1]

## Facts and Procedural History

[2]   In January 2020, Scott was charged with murder, and the State sought a sentence enhancement for use of a firearm in the commission of the offense. Scott maintained he acted in self-defense. The case proceeded to a jury trial on April 11, 2022. Ahead of jury selection, the trial court addressed its intended voir dire procedures, stating: "I want to make this record in regard to voir dire." Trial Tr. Vol. 2 p. 5. The judge explained that, during voir dire, the attorneys would not be allowed to directly examine the prospective jurors. Rather, the trial court would examine the prospective jurors while allowing input on lines of questioning. *See id.* pp. 5–7, 15–18. In adopting these voir dire procedures, the trial court expressed disagreement with this court's recent decision in *Doroszko v. State*, 185 N.E.3d 879 (Ind. Ct. App. 2022) [*Doroszko I*], *vacated on transfer*, *Doroszko v. State*, 201 N.E.3d 1151 (Ind. 2023) [*Doroszko II*].

---

[1] Resolving the case on this basis, we do not address any claim of ineffective assistance of appellate counsel.

[3] *Doroszko I* involved an involuntary manslaughter conviction in the same court, with the same judge, where—as here—the defendant was charged with murder, the State sought a firearm enhancement, the defendant claimed self-defense, and the judge prohibited counsel from directly examining prospective jurors. *See id.* at 882–83. In *Doroszko I*, this court concluded the voir dire procedures were erroneous because they did not comply with Trial Rule 47(D). *Id.* at 883–86. However, this court concluded the error was harmless error because the defendant "ha[d] not shown that he was prejudiced by the court's voir dire procedure[s]." *Id.* at 885. In determining the error was harmless, this court identified ways the defendant might have established prejudice on appeal, noting that the defendant (1) "d[id] not indicate what questions he would have asked had he been allowed to directly question the prospective jurors, (2) "failed to show that the court's procedure adversely affected his ability to exercise his peremptory challenges," and (3) "d[id] not allege that any specific juror should have been removed but was not." *Id.* at 884. The *Doroszko I* decision was handed down on March 29, 2022, such that Scott's mid-April jury trial fell within the timeframe to seek rehearing or file a petition to transfer in the case.

[4] Although the *Doroszko I* opinion was not yet certified, the trial court brought the case up on the record, identified its applicability to the case at hand, and expressed its disagreement with the opinion. *See* Trial Tr. Vol. 2 p. 5. The trial court explained its alternate interpretation of Trial Rule 47(D) that the judge believed authorized a trial court to conduct voir dire directly, so long as the parties had the opportunity to propose that the trial court ask particular

questions. *Id.* at 5–7. The trial court eventually said: "I disagree with the ruling in *Doroszko* [*I*], and I want to make that very clear." *Id.* at 16. The trial court noted that it anticipated "an issue down the road" before an appellate court, and at one point addressed the State and said: "[I]f things don't go [the State's] way, it doesn't become an issue." *Id.* at 15–16. Still addressing the State, the trial court referred to Trial Counsel by name and said: "If things do go [the State's] way, I'm giving [Trial Counsel] an issue to appeal." *Id.* at 16. The trial court also said: "If I were a lawyer, I wouldn't like my system either." *Id.* at 18. The trial court remarked that it "ha[d] to look at [voir dire] from a judge's point of view and not the attorneys' point of view." *Id.* Finally, the trial court addressed Trial Counsel and said: "But I've given you an issue should things not go your way." *Id.* Trial Counsel responded: "Thank you." *Id.* The trial court ultimately followed the same voir dire procedures that were found to be erroneous under *Doroszko I* and which prohibited the parties from directly examining prospective jurors. Trial Counsel did not object to the procedures or to the panel of jurors selected, and did not attempt to establish prejudice under any of the methods outlined in *Doroszko I*.

[5] The jury found Scott guilty of murder and determined Scott used a firearm in the commission of the offense. On May 20, 2022, the trial court sentenced Scott to forty-five years for murder, enhanced by twenty years for the firearm use, for an aggregate executed term of sixty-five years. Scott brought a direct appeal, raising two issues: (1) whether the voir dire procedures resulted in fundamental error and (2) whether the sentence was inappropriate. *Scott v.*

*State*, No. 22A-CR-1229, 2022 WL 17333586, at *1 (Ind. Ct. App. Nov. 30, 2022). In the appellant's brief, Scott's appellate counsel ("Appellate Counsel") acknowledged that Trial Counsel had "failed to object to the jury panel." Appellant's App. Vol. 2 p. 45. Appellate Counsel declined to argue that the trial court's remarks—including those about a potential issue for appeal—served to preserve the issue, despite lack of a formal objection. Appellate Counsel ultimately claimed the trial court committed fundamental error by prohibiting Scott from directly questioning the prospective jurors about the subject of self-defense. *Id.* at 45–48. Appellate Counsel asserted that the trial court's approach—which Appellate Counsel characterized as limited to "ask[ing] the prospective jurors if they could follow the law concerning self-defense"—resulted in prejudice because, "[w]hile any negative responses certainly would give rise to a potential cause challenge, such superficial questioning would not reveal information upon which to base an intelligent decision to use a preemptory [sic] challenge." *Id.* at 47. The State argued waiver and disputed Scott's claim of fundamental error. Appellate Counsel did not file a reply brief to expound on waiver or discuss the effect of the court's remarks.

[6] On November 30, 2022, this court issued a memorandum decision affirming the trial court. Although Scott had argued fundamental error, this court ultimately addressed the issue of waiver, stating: "The record reveals that Scott did not object to the trial court's procedure for conducting voir dire or to the jury panel before it was sworn" and "[a]ccordingly, Scott has waived his claim." *Scott*,

2022 WL 17333586, at *2. This court then addressed fundamental error, concluding that, "even if the [trial] court erred by not permitting Scott or his attorney to directly question the prospective jurors, Scott ha[d] not established that any such error made it impossible for him to receive a fair trial." *Id.* In a footnote, this court referred to the procedural posture of *Doroszko I*, noting that a petition to transfer had been filed, our Supreme Court "held oral argument on September 15, 2022," and, as of hand down, our Supreme Court "ha[d] not ruled on the petition[.]" *Id.* at *1 n.1. In Scott's direct appeal, there was a mid-January 2023 deadline for filing a petition to transfer. Appellate Counsel did not file a petition to transfer, and the opinion was certified on January 26, 2023.

[7] On February 1, 2023—less than a week after the opinion on direct appeal was certified—the Indiana Supreme Court granted transfer in *Doroszko I*, vacated the Court of Appeals decision, and issued its decision in *Doroszko II*, ultimately reversing the murder conviction where there had been a claim of self-defense. 201 N.E.3d 1151. Whereas, this court identified harmless error in *Doroszko I*, our Supreme Court concluded the voir dire procedures—which were objected to at trial—resulted in reversible error. *Id.* at 1158. The Court placed particular emphasis on the importance of voir dire examination when self-defense is claimed: "When a trial court completely forecloses voir dire examination related to a defendant's claim of self-defense, reversal is generally required." *Id.* at 1157. The Court characterized the issue of self-defense as a "central, hotly contested aspect of the case" and explained that Rule 47(D) would not

necessarily lead to reversal "where the error d[id] not relate to a central, hotly contested aspect of the case, like [the] self-defense claim[.]" *Id.* at 1158.

[8] On January 18, 2024, Scott filed a PCR petition alleging ineffective assistance of counsel. The petition primarily focused on whether Appellate Counsel was ineffective for (1) failing to argue in the direct appeal that, despite no formal objection, the trial court's remarks served to preserve the voir dire issue and (2) failing to file a petition to transfer. In a footnote, Scott alternatively argued that "[i]f somehow the [voir dire] issue was not preserved for appeal, and [Trial Counsel] should somehow have further objected to the [trial] [c]ourt's handling of the Rule 47(D) issue," then "[Trial Counsel] provided ineffective assistance of counsel and the result is the same," i.e., under either theory "Scott was prejudiced severely in his direct appeal with the application of the fundamental error standard" regarding the voir dire issue. Appellant's App. Vol. 2 p. 96.

[9] The post-conviction court held a hearing on June 7, 2024. At the hearing, Scott's counsel sought a summary disposition based on the written record, asserting: "Because the alleged ineffective assistance of counsel is of counsel on appeal, all the evidence is a matter of record in the transcripts, both in the trial court and on appeal." Tr. Vol. 2 p. 4. The hearing concluded with no presentation of evidence, with the parties subsequently submitting proposed findings and conclusions. *See* Appellant's App. Vol. 2 pp. 104–114 (Scott's proposed findings and conclusions), 115–23 (the State's). Scott's proposed findings and conclusions focused on the performance of Appellate Counsel, including counsel's decision to argue fundamental error without claiming that,

based on the trial court's remarks at trial, the voir dire issue had been properly preserved for appeal. The State's proposed findings and conclusions also focused on the performance of Appellate Counsel.

[10] On October 2, 2024, the post-conviction court denied Scott's PCR petition. In addressing the performance of Appellate Counsel, the post-conviction court also discussed the performance of Trial Counsel. The court stated: "It was incumbent on [Trial Counsel] to make a proper objection to the procedure and the panel; he never did." *Id.* at 9. The court then referred to Scott's failure to present testimony from Trial Counsel about counsel's decision not to object to the voir dire procedures under the circumstances, stating: "Whether [Trial Counsel] took the [t]rial [c]ourt's statement as creating an appealable issue is unknown because [he] was never called as a witness." *Id.* Scott now appeals.

## Discussion and Decision

[11] Scott claims the post-conviction court erred in denying his PCR petition, reiterating his arguments about the performance of Appellate Counsel and arguing in the alternative that he received ineffective assistance of Trial Counsel. Indiana Post-Conviction Rule 1(5) provides that "[t]he petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." In ruling on a PCR petition, the post-conviction court "shall make specific findings of fact[] and conclusions of law on all issues presented, whether or not a hearing is held." Ind. Post-Conviction Rule 1(6). However, to the extent the findings are deficient, "remand for more specific findings is not

warranted where the facts underlying the claims are not in dispute and the issues are clear." *Shackelford v. State*, 486 N.E.2d 1014, 1018 (Ind. 1986).

[12] Here, Scott sought a summary disposition based on the written record. Under Post-Conviction Rule 1(4)(g), the post-conviction court may grant a motion for summary disposition "when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." However, "[i]f an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible." P-C.R. 1(4)(g). On appeal, we "review[] the grant of a motion for summary disposition in post-conviction proceedings . . . the same way as a motion for summary judgment." *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). "Thus summary disposition, like summary judgment, is a matter for appellate *de novo* determination when the determinative issue is a matter of law, not fact." *Id.*

[13] The Sixth Amendment to the United States Constitution confers "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). As the United States Supreme Court explained in *Strickland*, a landmark case on Sixth Amendment claims: "The benchmark for judging any claim of ineffectiveness [is] whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* The *Strickland* Court distilled these principles into a two-part test, explaining that, to prevail on a claim of ineffective assistance of counsel, the

claimant must establish that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." 466 U.S. at 687.

[14] To establish deficient performance, the claimant must prove "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* To establish resulting prejudice, the claimant must prove "counsel's errors were so serious as to deprive [him] of a fair trial," i.e., a trial with a reliable result. *Id.* In application, this means the claimant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

[15] Scott claims he received ineffective assistance of Trial Counsel, who did not object to the voir dire procedures. As a threshold matter, the State argues Scott waived this claim because the body of the PCR petition focused on a claim that Appellate Counsel rendered ineffective assistance, with Scott addressing the performance of Trial Counsel only as an argument in the alternative presented in a footnote. The State also points out that, at the hearing, Scott discussed only claims related to Appellate Counsel, at one point referring to a subpoena for Appellate Counsel but not for Trial Counsel. The State further notes that, in the proposed findings and conclusions, Scott again focused on the performance of Appellate Counsel, declining to address the performance of Trial Counsel.

[16] Critically, Indiana courts adhere to principles of notice pleading espoused in Trial Rule 8(F), which states: "All pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of

procedural points." Thus, in the post-conviction case of *State v. Lopez*, we determined the State did not waive an affirmative defense—despite limited language about the defense in a responsive pleading—because the "language was specific enough to alert the court and [the petitioner] under the notice pleading requirement that the State was asserting the affirmative defense[.]" 676 N.E.2d 1063, 1066 (Ind. Ct. App. 1997), *trans. denied*.

[17] In this case, Scott included a footnote addressing the performance of Trial Counsel. The footnote specifically asserted that "[i]f somehow the [voir dire] issue was not preserved for appeal, and [Trial Counsel] should somehow have further objected to the [c]ourt's handling of the Rule 47(D) issue, then [Trial Counsel] provided ineffective assistance of counsel" because "Scott was prejudiced severely in his direct appeal with the application of the fundamental error standard." Appellant's App. Vol. 2 p. 96 n.1. Scott added: "Either [Appellate Counsel] or [Trial Counsel] w[as] ineffective, and [Scott] is entitled to a new trial as a result of that prejudicial ineffectiveness." *Id.* Adhering to principles of notice pleading, we conclude that regardless of what was said during the brief PCR hearing or the content of Scott's proposed findings and conclusions, the footnote in the petition provided adequate notice of a claim of ineffective assistance of Trial Counsel such that Scott did not waive the claim.

[18] As to the merits, we begin by observing that the written judgment did not explicitly address Scott's claim that Trial Counsel was ineffective. Nevertheless, neither party argues remand for additional findings is necessary and, as our discussion herein illustrates, the nature of the claim is clear and the

material facts are ultimately not in dispute. *See Flanders v. State*, 955 N.E.2d 732, 738 n.3 (Ind. Ct. App. 2011) (proceeding with review despite deficient findings, noting "[n]either party argue[d] that remand for factual findings [was] necessary"), *trans. denied*. Thus, we proceed to the merits of the ineffective assistance claim.

[19] The record from Scott's jury trial established that, despite the trial court explicitly referencing its disagreement with *Doroszko I* and indicating it was giving "an issue to appeal" by conducting voir dire in a manner inconsistent with *Doroszko I*—a recent published decision determining the same judge's voir dire procedures were erroneous in violation of Trial Rule 47(D)—Trial Counsel did not object to the procedures. Trial Tr. Vol. 2 p. 16. Moreover, although Scott argued in the alternative that Appellate Counsel was ineffective for failing to argue the issue was nonetheless preserved due to the judge's remarks, on direct appeal, we expressly determined otherwise, stating: "The record reveals that Scott did not object to the trial court's procedure for conducting voir dire or to the jury panel before it was sworn" and "[a]ccordingly, Scott has waived his claim." *Scott*, 2022 WL 17333586, at *2. In post-conviction proceedings, there has been no contention this court erred in determining the lack of objection led to waiver.

[20] In general, the "law of the case" doctrine "mandates that when an appellate court decides a legal issue, both the trial court and the court on appeal are bound by that determination" in subsequent proceedings in the same case. *Varner v. State*, 847 N.E.2d 1039, 1042–43 (Ind. Ct. App. 2006), *trans. denied*.

This doctrine generally applies in post-conviction proceedings. *See id.* ("The post-conviction court . . . was bound by [that] decision on . . . direct appeal."). Thus, to review the denial of the claim of ineffective assistance of trial counsel, we need not independently evaluate the effect of the judge's remarks, and focus instead on whether counsel rendered ineffective assistance by failing to object.

Although the instant judgment did not squarely address Scott's claim of ineffective assistance of trial counsel, the post-conviction court nevertheless appeared to acknowledge some deficiency in Trial Counsel's performance. Indeed, the court stated: "It was incumbent on [Trial Counsel] to make a proper objection to the procedure and the panel; he never did." Appellant's App. Vol. 2 p. 9. The court also suggested Trial Counsel might have had a strategic reason not to object, stating: "Whether [Trial Counsel] took the [t]rial [c]ourt's statement as creating an appealable issue is unknown because [he] was never called as a witness." *Id.* However, under the circumstances, testimony from Trial Counsel was not necessary to establish deficient performance.

In general, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Morgan v. State,* 755 N.E.2d 1070, 1073 (Ind. 2001) (quoting *Lambert v. State*, 743 N.E.2d 719, 730 (Ind. 2001)). Indeed, "counsel's performance is presumed effective, and a petitioner must offer strong and convincing evidence to overcome this presumption." *Ben-Yisrayl*, 729 N.E.2d at 106. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective assistance. *Clark v. State,* 668 N.E.2d 1206, 1211 (Ind.

1996), *cert. denied*. At the same time, when examining the performance of counsel, we apply an objective standard of reasonableness "based on prevailing professional norms." *Woodson v. State*, 961 N.E.2d 1035, 1041 (Ind. Ct. App. 2012), *trans. denied*. Therefore, the petitioner can establish deficient performance of counsel—regardless of any subjective strategy or tactic—if the record establishes that no reasonable attorney would have performed the way counsel performed. *See McBride*, 595 N.E.2d 260, 262–63 (Ind. Ct. App. 1992) (noting we generally "will not second guess questions of strategy and tactics unless the choice readily appears to have been so poor that no reasonable lawyer would have been tempted by it").

[23] Here, the trial court openly acknowledged it was not adhering to *Doroszko I*—a recent published decision that not only (1) determined the voir dire procedures were erroneous but also (2) provided guidance on how to develop the record to identify prejudice from the procedures, to avoid an appellate determination that the error was harmless. *Doroszko I* involved the same trial court and judge, the same voir dire procedures, and the same charge and affirmative defense. Even though *Doroszko I* was not certified at the time of Scott's jury trial, where trial counsel is aware of an appellate decision that so clearly addresses erroneous voir dire procedures involving the same judge, the same charge, and the same defense, we fail to conceive of a reasonable professional strategy or tactic that would support failing to object to the erroneous procedures and develop the record to demonstrate prejudice as specifically suggested in *Doroszko I*.

Critically, even if Trial Counsel believed the trial court's remarks served to preserve the voir dire issue, *Doroszko I* indicated that, without developing a record regarding prejudice, the error would be declared harmless error. *Doroszko I* telegraphed precise ways counsel could attempt to avoid harmless error and make some showing of prejudice from the Rule 47(D) violation. Indeed, the *Doroszko I* Court explained it was declaring the error harmless because, in the case at hand, counsel failed to (1) "indicate what questions he would have asked," (2) "show that the court's procedure adversely affected his ability to exercise his peremptory challenges," or (3) "allege that any specific juror should have been removed but was not." 185 N.E.3d at 884–85. Despite this specific roadmap from *Doroszko I*, Trial Counsel did not address prejudice, which meant Scott would be limited to claiming fundamental error on appeal.

We conclude Scott met his burden of establishing counsel's performance was deficient under the circumstances, even without presenting counsel's testimony. Moreover, it is easy to see how Scott was prejudiced as a result. Had Trial Counsel objected to the erroneous voir dire procedures and addressed the prospect of prejudice as outlined in *Doroszko I*, the direct appeal would have involved review for whether the error was harmless instead of the more exacting fundamental error standard. Furthermore, in appellate briefing, Scott would have had the opportunity to elaborate on the issue of prejudice. The combination of a more favorable appellate standard and the opportunity to develop the issue of prejudice in a case factually and legally parallel to *Doroszko I* was sufficient to undermine confidence in the appellate outcome. It is also

worth noting that counsel's development of the record would have positioned the case differently for any potential petition to transfer.

[26] All in all, we conclude the record before the post-conviction court established deficient performance and resulting prejudice such that the post-conviction court erred in denying Scott's claim of ineffective assistance of trial counsel. When an appellate court identifies error in the denial of a PCR petition, we afford relief on appeal, reversing the conviction involved. *See, e.g.*, *Doroszko II*, 201 N.E.3d at 1158 (reversing a murder conviction and remanding for a new trial). We, therefore, reverse the denial of the PCR petition, vacate Scott's conviction, sentence enhancement, and sentence, and remand for a new trial.

[27] Reversed and remanded.

Mathias, J. and Felix, J., concur.

ATTORNEY FOR APPELLANT

Donald J. Schmid
Law Offices of Donald J. Schmid LLC
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana